McCLENDON, J.,
dissents and assigns reasons.
lil respectfully disagree with the majority’s conclusion that Mr. Schexnaydre was not adequately informed regarding the consequences arising from his failure to submit to the urine test.
*352 Louisiana Revised Statutes 32:661 authorizes law enforcement to administer multiple tests to determine whether a driver is under the influence of alcoholic beverages, illegal substances, and/or controlled dangerous substances. When an officer requests the driver to submit to a chemical test, the officer is required to read the standardized form approved by the Department. Herein, prior to submission of any test being administered, Trooper Price read the approved form, which included all requirements set forth in LSA-R.S. 32:661(C)(1) and tracked the language set forth in the statute.
Although Mr. Schexnaydre avers that the “Rights Relating to the Chemical Test for Intoxication” form is ambiguous because it refers to “the test” as opposed to “a test,” the introductory language plainly indicates that the driver can be required to submit to “test or tests,” specifically including tests of his “blood, breath, urine or other bodily substances.” The introductory language does not limit the investigating officer to utilizing only one test to determine if the driver is intoxicated and provides the driver with notice that he may be asked 12to submit to multiple tests.[1] Further, the waiver need not be an intelligent waiver, but merely voluntary. State v. Clark, 446 So.2d 293, 297 (La.1984).
Prior to any test being administered, Trooper Price informed Mr. Schexnaydre of the consequences for failing to submit to the referenced testing. Trooper Price also testified that Mr. Schexnaydre never conveyed to him that he did not understand his rights. Moreover, nothing in the record suggests that Trooper Price intentionally misled or deceived Mr. Schexnaydre. Accordingly, I conclude that Trooper Price reasonably conveyed the implied consent warnings in accordance with statutory requirements. Therefore, I would reverse the district court judgment ordering the OMV to reinstate Mr. Schexnaydre’s driving privileges.

. While the rights form could be drafted more artfully, I cannot say it is legally insufficient. Further, given that the form tracks the language of LSA-R.S. 32:661(C)(1), this issue may be ripe for consideration by the legislature.